Nov. Term, 1860.

WHITE
v.
JACKSON.

*J. Brownlee, A. Steele* and *H. D. Thompson*, for appellee.

------

WHITE and Another *v.* JACKSON.

Where the evidence, as in this case, justifies the verdict of the jury, this Court will not inquire whether, or not, the instructions complained of are, as abstract questions of law, correct.

·APPEAL from the *Henry* Common Pleas.

HANNA, J.—*Jackson* sued the appellants, before a justice of the peace, on the following writing, viz:

"*August* 8, 1857."

"Received, of *Alfred Jackson*, eighty-five bushels and four pounds of wheat on deposit." (Signed) "*White & Burris.*"

The complaint averred that the defendants "failed to pay or deliver thirty bushels and four pounds of wheat, the balance of said" specified amount. The plaintiff demanded judgment for $31; and recovered before the justice, and on appeal, $21 and 50 cents.

The first error assigned, is upon the refusal of the Court to dismiss for want of a sufficient complaint. We think the latter part of the complaint makes it sufficient, under the statute and the practice which has maintained in regard to ·suits instituted before a justice.

The second and third errors, are based upon the rulings of ·the Court, in reference to instructions given, and refused.

The questions involved, arise upon the construction to be given to the contract between the parties, as shown by the writing sued upon, and a receipt given in evidence by the defendants, as follows:

"*Ogden, August* 12, 1857."

"Received, of *J. Jackson*, for *White & Burris*, $55, on wheat in store at *White's Mill*, to be sold at any time that he may see fit, so it is between this and harvest next."

(Signed) "*Alfred Jackson.*"

Upon the point made in the brief, the purport of the instruction given was, that the writing sued upon, and the receipt of *August* 12, were parts of, and constituted but one agreement, and amounted to a sale of the wheat; and, therefore, the plaintiff could demand and recover the market price of the wheat at the time of the sale; and, if the demand was for a greater sum, it was good for the market price.

The instruction refused was to the effect, that if the demand was for a certain, and greater price per bushel than the market price on that day, the defendant would not be bound by the demand, if the price of wheat declined.

The appellants insist that the Court erred in giving, and

refusing these instructions. The record does not purport to contain all the evidence; but so far as it is in the record, it strongly tends to prove a sale to appellants, on *August* 12; that is, if *John Jackson* was their agent. He testified, that about that time, plaintiff surrendered to him the receipt sued on, and received $55 on the wheat, and told him he would close out the lot; that he was the agent for the purchase of wheat. That on *August* 12, wheat was worth $1 per bushel— that on the 23d, he offered the receipt to defendants, and demanded the money to pay the balance on the wheat, at $1 per bushel. Other witnesses testified, that wheat was worth but 90, or 95, cents per bushel on the 23d.

It appears to us that it is not material whether the abstract proposition, advanced in either the one or the other of these instructions, is correct, or not; as the surrender of the receipt, acknowledging the deposit of the wheat, to, and the acceptance by, one who was a general agent for the purchase of wheat, and who had made the agreement by which this particular lot was deposited, and the statement to him that plaintiff would close out the lot, at the then current price, was, taken in connection with the preceding circumstances, a sale of the wheat, thus in store. As the amount of the judgment is less than the price of wheat at that time would have justified the jury in finding for the plaintiff, we can not disturb it.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Mellett* and *Martindale*, for appellants.

*James Brown*, for appellee.