## Simonds *v.* Hoover.

AGENCY.—Where A. was the agent of B. for the sale of certain real estate, and C., knowing of the agency, came to A. and effected an exchange of his own real property for that of B.

*Held*, that A. could not charge C. for his services.

SAME.—Where A. was the agent of B. to sell certain real property, and was employed by C. afterwards to dispose of certain real estate for him, and he effected an exchange of the property between B. and C.

*Held*, that A. could not charge C. a commission for effecting the exchange.

APPEAL from the Wayne Common Pleas.

PETTIT, J.—This suit was commenced before a justice of the peace by the appellant against the appellee on this account:

"RICHMOND, January, 1st, 1869.

"George Hoover to Andrew W. Simonds, Dr., to commission on sale of property to D. K. Zellers, forty dollars; to commission on sale of property to James Cook, one hundred dollars; total one hundred and forty dollars."

The defendant answered, first, by general denial; second, by set-off for oats and corn delivered. Trial by jury; verdict and judgment for the defendant; and an appeal; and in the common pleas, there was a trial by jury; verdict and judgment again for the defendant. At the proper time, a motion was made for a new trial, for these reasons: first, the verdict is contrary to the evidence; second, the verdict is contrary to law; third, the court erred in giving charge number one, because the same is not the law as applicable to the evidence in this case; fourth, the court erred in giving charge number two, because the same is not the law as applicable to the evidence in this case; fifth, the court erred in giving charge number three, because the same is not the law as applicable to the evidence in this case. The motion was overruled, and exception taken. The overruling of the motion for a new trial, and giving instructions one and two, are assigned as error. The instructions are as follows:

"If the jury believe from the evidence that the plaintiff, Simonds, was the agent of one Zellers for the sale of certain real estate, and that the defendant, Hoover, knowing that fact, came to him to effect an exchange of property, owned by defendant, for the property owned by Zellers, then the plaintiff cannot recover for his services in effecting such change."

"If the jury believe from the evidence, that the plaintiff

was a real estate agent in Richmond, and as such employed by Zellers to sell certain real estate belonging to said Zellers, and they further believe from the evidence, that the defendant, Hoover, afterwards employed said Simonds as such real estate agent to sell certain real estate belonging to said Hoover, and an exchange of said pieces of real estate is effected between said Zellers and Hoover, through the agency of, or by the means of, said Simonds, then said Simonds cannot recover from Hoover compensation for effecting such exchange, unless he shows that at the time such exchange was effected, he had ceased to be the agent of Zellers." The record shows that this instruction was given in relation to the Cook transaction, as well as that of Zellers.

The evidence is in the record, and shows that such circumstances and transactions as are contemplated by the instructions existed, and we have no doubt as to their correctness. Law and morals (which are the same) alike forbid that a man shall be the agent of two persons, and receive pay from both, in the transaction of business between them, where their interests are antagonistic. He cannot, or at least, he is not likely to discharge his duty with fidelity to both. Numerous authorities might be cited fully confirming this ruling, which are well referred to in the appellee's brief, but it is not necessary to quote from or refer to them, as the case properly turns and must be determined on another point. The evidence is directly contradictory, and would have justified a verdict either way, had the jury believed it. Simonds swore that Hoover employed him, and there is some corroborating evidence on his part. Hoover swears directly the reverse; and two juries having found a verdict for Hoover, we cannot say that the finding was wrong, but must say it was right, as the evidence in the record warranted it. If, therefore, the instructions were erroneous (but we hold they were not), they could not have prejudiced or injured the appellant.

Where the verdict is warranted by the evidence, of the weight of which, and the credibility of the witnesses, the

jury is the exclusive judge, the judgment will not be reversed by this court. *White* v. *Jackson*, 15 Ind. 156; *Brooster* v. *The State*, 15 Ind. 190; *Amick* v. *O'Hara*, 6 Blackf. 258; *Hooker* v. *The State*, 7 Blackf. 272; *Casteel* v. *Casteel*, 8 Blackf. 240.

The judgment is affirmed, at the costs of the appellant.

*W. A. Bickle*, for appellant.

*Washburn & Spencer*, for appellee.