DEE REESE, Respondent, v. A. T. GARTH *et al.*, Appellants.

### Kansas City Court of Appeals, May 20, 1889.

**Agency:** DOUBLE EMPLOYMENT AS A DEFENSE MUST BE PLEADED: INSTRUCTIONS AS TO, REFUSED. The cases are quite uniform that where a double employment of an agent exists and is not known to both principals no recovery can be had against the party kept in ignorance, and the result is not made to turn on the presence or absence of duplicity and fraud, and the rule is not intended to be remedial of actual wrong but preventive of the possibility of it. Yet as a defense such double employment must be affirmatively pleaded and where, as in this case, the answer is a general denial, it is proper to refuse instructions, set out in the opinion, submitting the question of such double employment to the jury.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*J. M. Gregory, Dobson, Douglass & Trimble,* for the appellant.

(1) The plaintiff being employed as the agent of Allison, any contract which he may have afterward made with the defendants to receive pay as their agent is void as against public policy, unless Allison knew of and consented thereto. Mechem on Agency, sec. 972;

Fitch on Real-Estate Agency, p. 30 ; *De Stieger v. Hollington*, 17 Mo. App. 382 ; *Rice v. Wood*, 113 Mass. 133 ; *Bollman v. Loomis*, 41 Conn. 581 ; *Everhart v. Searle*, 71 Penn. St. 256 ; *Lynch v. Fallan*, 11 R. I. 311 ; *Raisin v. Clark*, 41 Md. 158 ; *Allen v. Fink*, 75 Mo. 100. (2) The instruction which the court gave at the request of the plaintiff was misleading and without any evidence to support it. It is based upon the idea that defendants employed the plaintiff to find a customer for their land. All the evidence shows that the "customer" was already found, and was then, through his agent, hunting for a chance to trade with defendants. If the defendants promised to pay plaintiff anything it could not have been for the purpose of finding a customer, but was an unholy attempt to bribe that customer's agent.

*M. A. Fyke,* for the respondent.

(1) Under the pleadings there was no issue raised as to the double employ of plaintiff. Under a general denial defendants could not show matter in avoidance. Hence the instructions prayed by defendants were not based upon the issues raised by the pleadings and were properly refused. *Duryee v. Lester*, 75 N. Y. 442 ; Bliss Code Pl., sec. 330, p. 481. (2) Plaintiff had nothing to do with fixing the terms of the trade for either party ; he acted merely as a middle-man to get the parties to meet, and they made the terms for themselves ; that being the case, he is clearly entitled to recover. *Jarvis v. Schaefer*, 105 N. Y. 289. And he was not bound to disclose to either that he expected a commission from the other. *Rupp v. Sampson*, 16 Gray ( Mass.) 398 ; *Herman v. Martineau*, 1 Wis. 151 ; *Orton v. Scofield*, 61 Wis. 382 ; *Green v. Robertson*, 64 Cal. 75 ; *Rowe v. Stevens*, 53 N. Y. 621 ; *Seigle v. Gould*, 7 Lansing, 177 ; *Redfield v. Legg*, 38 N. Y. 212 ; *Alexander v. University*, 57 Ind. 466 ; *Collins v. Fowler*, 8

Mo. App. 588; *Mullen v. Kutzleb*, 7 Bush, 253; *Duryee v. Lester*, 75 N. Y. 442. But the evidence shows that he did disclose the fact to both. (3) The plaintiff does not declare on a contract employing him to make a sale of defendant's property, but on a contract to procure a person who would exchange other property for defendants' property satisfactory to defendants; that he brought such a person and defendants together and they entered into negotiations and made a trade. Under the pleadings the only question which could arise was, Did defendants employ plaintiff to render that particular service for an agreed compensation? Under such an agreement or employment no relation of special confidence could arise. *Royster v. Megevney*, 9 Lea, 148; *Herman v. Martineau*, 1 Wis. 151; *Lloyd v. Matthews*, 51 N. Y. 124. Wherefore respondent asks that the judgment be affirmed.

SMITH, P. J.—This was an action brought in the circuit court of Jackson county by the plaintiff against the defendants, to recover the sum of seven hundred and twelve dollars and fifty cents alleged to be due plaintiff for certain services rendered the defendants as real-estate agent under an agreement, whereby the defendants employed plaintiff to procure for them the exchange of certain Kansas City real property for other property, in consideration of a commission of two and one-half per cent. on a certain price, which was named on the real property to be exchanged, etc. The answer was a general denial.

The evidence tended to show that the plaintiff was employed for a commission to be paid as the agent of one Allison, who was the owner of a stock of merchandise, to trade the same for Kansas City real property; that afterwards defendants entered into an agreement with the plaintiff to pay him two and a half per cent. commission on twenty-eight thousand, five hundred dollars, the price of their Kansas City real property, which

they desired to trade for other property if a trade of it for the merchandise of Allison was consummated after the plaintiff should bring said Allison and defendants together for that purpose; that the trade was afterwards made; that Allison, without knowing that the plaintiff was the hired agent of defendants in bringing about said transaction, or that he had acted in a dual capacity as agent, paid him a commission for his services in effecting a trade of his merchandise for said real property of defendants. There was some other evidence, but we have stated enough of it for our present purpose. The circuit court instructed the jury upon the theory of the petition, and refused to give these instructions asked by defendants:

"1. The court instructs the jury, that in order for the plaintiff to recover in this case, he must prove to the satisfaction of the jury, by a preponderance of testimony, that he was the agent of defendants and represented them solely, and as such agent procured the exchange of lots in West Kansas addition to the City of Kansas, in the state of Missouri, for the defendants, with one Ephraim Allison for a stock of goods, wares and merchandise, at the city of Clinton, Missouri, and unless he so proves, their verdict must be for the defendants.

"2. The jury are further instructed, that if they believe from the evidence that the plaintiff was the agent of the said Ephraim Allison in the making of the trade between said Allison and the defendants, and received his commission from the said Allison therefor, and that said Allison did not know that he claimed to be acting as agent for the defendants, then he is not entitled to recover in this case and the verdict must be for the defendants."

The action of the court in refusing these instructions is the ground upon which the defendants have appealed from the judgment, which was for plaintiff to this court.

Reese v. Garth.

The defendants' contention is, that the plaintiff being employed as the agent of Allison, any contract which he may have made with the defendants to receive pay as their agent is void as against public policy, unless Allison consented thereto.

No doubt this is the rule of law applicable to cases of this kind. In *DeSteiger v. Hollington*, 17 Mo. App. 382, it was stated by us that the cases are quite uniform that where a double employment exists, and is not known to both principals, no recovery can be had against the party kept in ignorance, and the result is not made to turn on the presence or absence of duplicity and fraud, but is a consequence of established policy. The rule is not intended to be remedial of actual wrong, but preventive of the possibility of it. And the statement seems to have been well supported by the authorities. *Allen v. Fink*, 75 Mo. 100; *Sparks v. Davis*, 32 Miss. 152; *Everhart v. Searle*, 71 Pa. St. 256; *Rice v. Wood*, 113 Mass. 133; *Scribner v. Collar*, 40 Mich. 375; Fitch on Real Estate Agency, 30.

But while this is so, it does not follow that the instructions asked by the defendants should have been given.

If the defendants had wished to interpose this defense, they should have pleaded the facts constituting the same in their answer, so that an intelligent issue could have been made thereon. The general denial put in issue only the facts pleaded in the petition, and not the liability of the defendants.

It was not enough that the evidence tended to establish facts, which if pleaded, would defeat a recovery. The facts from which the law draws the conclusions of non-liability must be pleaded. An affirmative defense should be clearly and distinctly set forth. *Musser v. Adler*, 86 Mo. 445; *Northrup et al. v. Ins. Co.*, 47 Mo. 435; *Donovan v. Railroad*, 89 Mo. 147.

Nothing of the kind was attempted in this case.

This defense, so far as pleading is concerned, is not unlike that of champerty, gaming, usury and the like. *Musser v. Adler, supra.* The instructions asked by the defendants were for the reasons just given properly refused.

The instruction given for the plaintiff was, we think, well enough. The judgment of the circuit court will be affirmed. ELLISON, J., concurs; GILL, J., not sitting.