## J. A. GRAY, Respondent, v. ISAAC A. NOVINGER, Appellant.

### Kansas City Court of Appeals, April 29, 1912.

**REAL ESTATE BROKER: Dual Agency: Pleading: Amend-ment.** Dual agency of a real estate broker, unknown to the parties, will defeat a claim for commission for bringing the parties together in an effort to consumate an exchange of property. But to be available as a defense it should be pleaded: If the dual agency is not known to defendant until during the progress of the trial, he should obtain leave to amend his answer.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Campbell & Ellison* and *P. J. Reiger* for appellant.

*Smoot & Cooley* and *Weatherly & Frank* for respondent.

ELLISON, J.—Plaintiff instituted this action to recover a commission alleged to be due him as defendant's agent in the sale of a herd of thoroughbred registered cattle. The judgment in the trial court was for the plaintiff.

There was evidence tending to prove that plaintiff brought one Hinson and defendant together in a prospective trade or exchange and that defendant authorized plaintiff, as his agent, to submit to Hinson a proposition to trade his herd of cattle for Hinson's farm encumbered by a mortgage for $3800, defendant to pay Hinson $500 in addition. That plaintiff then got the parties together and Hinson accepted the offer, but without proper excuse or any good reason defendant

refused to consummate the trade. The evidence in defendant's behalf in substantial part was contrary to that of plaintiff, and as the jury have found for plaintiff, we must affirm the judgment unless there be error in the conduct of the trial.

The first objection is that plaintiff was allowed to testify that he made an unsigned memorandum of the terms of defendant's proposition to be submitted to Hinson. This was drawn out on the cross-examination of plaintiff, and besides, we think, in view of the record, it had no bearing on the result.

The next complaint relates to plaintiff's instruction number one, purporting to cover the whole case and directing a verdict on the matters therein submitted, but omitting the issue made by the pleadings that Hinson was able and willing to carry out the proposition he accepted. The instruction does not, in terms, submit that hypothesis, of Hinson being able to carry out his part of the proposition, though it does submit his being willing to do so. His ability to do so seems to have been assumed throughout the trial and defendant's first instruction is drawn along the same line with plaintiff's. Considering the instructions together, it leaves defendant without room for complaint.

The next objection relates to the action of the trial court on the subject of dual agency; it being contended by defendant that plaintiff was acting as the agent for both parties. Dual agency was not pleaded, and in order to avail defendant as a defense, it should have been: Reese v. Garth, 36 Mo. App. 641.

We are cited by defendant to Sprague v. Rooney, 104 Mo. 349, 360, and Chapman v. Currie, 51 Mo. App. 40, 45. Those cases were overruled in St. Louis Assn. v. Delano, 108 Mo. 217, 220, and McDearmott v. Sedgwick, 140 Mo. 172, 182. In the latter cases it is said that where the face of the petition indicates nothing other than a valid contract, the rule is that if the con-

tract is to be invalidated by reason of some extrinsic matter, such matter must be pleaded in order that it may be issuable at the trial. Such defense is likened to champerty, gaming and usury; and "when the illegality does not appear from the contract itself or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and must be pleaded in order to be available."

In this case nothing appears on the face of the petition or of the contract pleaded, disclosing any illegality. Matters *aliunde* shows the illegality, and these must be pleaded. Defendant cites us to Corder v. O'Neill, 207 Mo. 632, but the dual agency was specially pleaded in that case. Other cases cited do not apply to the question.

But defendant says he did not know of such double agency until during the course of the trial. Leave should then have been asked to amend his answer by setting up that defense.

We discover no error in the trial and hence affirm the judgment. All concur.