No. 18,928.

CHARLES SCHWARTZ et al., Partners, etc., *Appellees,* v. GUS. MESCHKE, *Appellant.*

SYLLABUS BY THE COURT.

1. AGENCY—*Action for Commissions—Affirmative Defense Not Permissible under General Denial.* In an action by real-estate agents to recover a commission for procuring an exchange of defendant's property, an answer consisting of a general denial will not entitle the defendant to prove the affirmative defense that plaintiffs at the same time were representing the other party to the exchange.

2. SAME—*Dual Agency—Instruction.* On the facts stated in the opinion, it is held that the court rightly refused to instruct upon the question of dual agency.

Appeal from Clay district court; SAM KIMBLE, judge. Opinion filed June 6, 1914. Affirmed.

*W. T. Roche,* of Clay Center, for the appellant.

*F. L. Williams,* and *James L. Hogin,* both of Clay Center, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Plaintiffs were real-estate agents and brought this action to recover a commission for procuring an exchange of defendant's stock of merchandise for farm property. The trial to a jury resulted in a verdict in favor of plaintiffs. The defendant appeals and complains that the trial court erred in excluding testimony and in refusing to instruct in reference to double agency. The answer precludes such a defense. If the defendant desired to raise the issue of illegality or fraud or that the contract was improper he should have affirmatively pleaded the matter as a defense. His answer was limited to a general denial, which permitted him to disapprove any material averments of the petition, but did not entitle him to prove any new matter constituting an affirmative defense.

This rule is firmly established by former decisions and requires no additional comment. (*Marley v. Smith,* 4 Kan. 183; *Clark v. Spencer,* 14 Kan. 398; *Davis v. McCrocklin,* 34 Kan. 218, 8 Pac. 196; *St. L., Ft. S. & W. Rld. Co. v. Grove,* 39 Kan. 731, 18 Pac. 958; *Paving Co. v. Botsford,* 56 Kan. 532, 44 Pac. 3.)

The defendant claims that in his statement of the case to the jury he set forth that one of the defenses was that the plaintiffs at the time of the trade were also the agents of the owner of the farm for the purpose of finding a purchaser. The abstract does not show what the opening statement was, but in any event counsel could not enlarge the issues by anything he said to the jury. It is contended also that plaintiffs' evidence disclosed the double agency. Defendant was permitted to extend his cross-examination of one of the plaintiffs to matters not brought out in chief and showed that the farm that was exchanged for the stock of goods was listed with the plaintiffs under an arrangement with the owner by which they were to receive 2½ per cent commission for a cash sale. The plaintiffs testified that they received no commission of any kind from the owner in this transaction, and it was not affirmatively shown that they were acting at the time as his agents or had authority from him to negotiate an exchange. The inference from the testimony brought out on cross-examination, and which was not within the issues as defined by the pleadings, is that the farm was not listed with the plaintiffs for exchange. There was no affirmative showing of anything immoral on the part of the plaintiffs or anything in their conduct that the defendant might not have waived, or that he must not be held to have waived by his general denial. The various rulings of the court against the defendant in the progress of the trial were made upon the theory that the answer did not permit such a defense. No request or offer was made by the defendant

to file an amended answer. The court rightly refused to instruct upon the question of dual agency, and the judgment is affirmed.