## H. H. Woodsmall and Company v. Steele.

[No. 11,695. Filed October 31, 1923. Rehearing denied June
25, 1924. Transfer denied October 16, 1924.]

1. Brokers.—*Broker representing both parties entitled to com-
pensation from neither unless by common consent.*—An agent
who represents both parties to a transaction, where the in-
terests of the parties are adverse, can recover compensation
from neither, unless the double employment was, at the time,
known and assented to by both. p. 60.

2. Principal and Agent.—*Good faith required in agent's rela-
tions to his principal.*—An agent must act toward his principal
in good faith, and good faith requires that he use his best
efforts to promote the interests of his principal, and this is
impossible where, without his principal's knowledge, he acts
for his principal and another in a transaction where their
interests are adverse. p. 60.

3. Brokers.—*Defense that broker was acting for both parties
must be pleaded.*—In an action by a broker for a commission
for services rendered for his principal in negotiating a deal
with another, an instruction that if the jury found from the
evidence that plaintiff represented both parties to the transac-
tion without the knowledge of his principal, he could not
recover, was properly refused where defendant had pleaded
only the general denial, as such defense must be pleaded to
authorize its proof. p. 60.

4. Trial.—*Evidence admissible under general denial.*—Under
the provision of §386 Burns 1914, §377 R. S. 1881, in an action
by a broker to recover compensation for his services in nego-
tiating a deal between two parties, the defense that the
plaintiff represented both parties to the transaction cannot be
proved under the general denial. p. 60.

5. Trial.—*Instructions should be confined to the issues.*—It is a
fundamental rule of practice that instructions should be con-
fined to the issues. p. 61.

6. Trial.—*Instructions must be relevant to issuable facts.*—The
propriety of an instruction is determined, not by whether it
embodies a correct statement of the law upon a given state-
ment of facts, but whether it states the law relevant to the
issuable facts given in evidence on the trial. p. 61.

7. Pleading.—*Amendment during trial to conform to facts
proved.*—When evidence for the defendant which is outside the
issues has been introduced, the defendant may, on leave of
court, amend his pleadings so as to present the issue. p. 61.

8. Trial.—*Refusal of instructions, when already covered not
error.*—Although requested instructions are applicable to the

issues, there is no error in refusing to give them if they are covered by instructions given.   p. 61.

9.  TRIAL.—*Evidence that contract sued on is void is admissible under general denial.*—Under §386 Burns 1914, §377 R. S. 1881, the defense that the contract sued on is absolutely void is admissible under the general denial, but not that it is voidable because of fraud or illegal consideration (*Cheney,* v. *Unroe,* 166 Ind. 550, distinguished).   p. 62.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Malcolm A. Steele against H. H. Woodsmall and Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Charles E. Henderson,* for appellant.

*James W. Noel, Hubert Hickam* and *Alan W. Boyd,* for appellee.

REMY, J.—Action by appellee, an insurance broker, against appellant, an insurance agency corporation, to recover a commission claimed to be due under a contract by the terms of which, as averred in the complaint, appellee was employed to represent appellant in soliciting a certain large policy of liability insurance, appellee to receive, if the insurance was written through appellant's office, a sum equal to ten per cent. of the premium paid.   Appellant filed answer in denial, and a set-off. Trial resulted in a verdict and judgment for appellee. Action of the court in overruling appellant's motion for new trial is assigned as error.

On the trial, evidence was submitted from which the inference might be drawn that appellee at the time the insurance was written was acting as the agent of the insured as well as agent for appellant.   It is not, however, as appellant admits in its brief, a necessary inference.   Appellant, by tendered instructions numbered 1 and 2, requested the court to charge the jury that if they found from the evidence that appellee at the time did represent both parties, and did so without

the knowledge of appellant, he could not recover. The refusal of the court to give these instructions is the chief question presented by this appeal.

An agent who represents both parties to a transaction, where the interests of the parties are adverse, can recover compensation from neither, unless the double employment was, at the time, known and assented to by both. *Simons* v. *Hoover* (1871), 35 Ind. 412; *Hammond* v. *Bookwalter* (1894), 12 Ind. App. 177, 39 N. E. 872; *Scribner* v. *Collar* (1879), 40 Mich. 375, 29 Am. Rep. 541. An agent must act toward his principal in good faith, and good faith requires that he use his best efforts to promote the interests of his principal. This is made impossible where, without his principal's knowledge, he acts for his principal and another in a transaction where their interests are adverse.

If appellant had, in addition to its general denial, filed a proper answer setting up dual agency as a defense, then, under the law as above stated, the instructions tendered would have been proper; but appellant's answer, other than a set-off, was merely a general denial. With the issues thus formed, the question of dual agency was not presented by the pleadings. *Reese* v. *Garth* (1889), 36 Mo. App. 641; *Gray* v. *Novinger* (1912), 166 Mo. App. 85, 147 S. W. 1128; *Schwartz* v. *Meschke* (1914), 92 Kans. 650, 141 Pac. 175; *Jacobs* v. *Beyer* (1910), 141 App. Div. 49, 125 N. Y. Supp. 597; *Childs* v. *Ptomey* (1896), 17 Mont. 502, 43 Pac. 714; *Franck* v. *Blazier* (1913), 66 Ore. 377, 133 Pac. 800; *Northwest Land, etc., Co.* v. *Addington* (1917), 98 Wash. 576, 168 Pac. 164; *Moore* v. *Damron* (1914), 157 Ky. 799, 164 S. W. 103. See, also, *McAfee* v. *Bending* (1905), 36 Ind. App. 628, 76 N. E. 412.

It is a fundamental rule of practice that instructions to the jury should be confined to the issues. *Hatton*

v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357,
5, 6. 125 N. E. 797. The propriety of an instruction
is to be determined, not by whether it embodies
a correct statement of the law upon a given state of
facts, but whether it states the law relevant to the is-
suable facts given in evidence on the trial. *Indiana R.
Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156.

Evidence having been introduced at the trial from
which the jury might or might not have inferred that
appellant at the time was, as to the same trans-
7. action, acting as the agent of both parties, and
so acting without the knowledge of appellant, it
would have been within the rights of appellant (leave
of court being granted) to amend its answer so as to
present the issue. This was not done. Instead, ap-
pellant sought to have the jury instructed just as if the
issue had been presented by the pleadings. There is
nothing in the record to show that in the introduction
of evidence the court and the parties treated the issue
of dual agency as having been presented. The trial
court did not err in refusing to give tendered instruc-
tions one and two.

Other instructions tendered by appellant, in so far
as they correctly state the law applicable to the issues
as presented by pleadings, were covered by in-
8. structions given. The instructions when taken
as a whole fairly state the law of the case.

Affirmed.

## ON PETITION FOR REHEARING.

REMY, J.—On petition for rehearing, it is urged by
appellant that the general rule in jurisdictions having
the code procedure, that the defense of dual agency must
be specially pleaded, is not applicable in this State for
the reason that the Code (§127 Code of Civil Proc.,
§386 Burns 1914, §377 R. S. 1881) provides: "Under

a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove."

It is appellant's contention that, under this provision, the general denial, which puts in issue the validity of the contract sued on, was sufficient to present 9. the defense of dual agency, citing, *Cheney* v. *Unroe* (1906), 166 Ind. 550, 77 N. E. 1041, 117 Am. St. 391.   The rule in the case cited had no application here.   The contract sued on in that case was one entered into by a public officer in violation of a statute imposing a fine and imprisonment for its violation.   The court rightly held the contract absolutely void.   Not so in a case like the one under consideration, where the action is on a private contract between an agent and his principal, and is not void, but is voidable.   In such a case, the principal may waive the misconduct of his agent, or he may estop himself from taking advantage thereof.   2 C. J. 766.   An Indiana case more nearly in point is, *Casad* v. *Holdridge* (1875), 50 Ind. 529, where, in an action on a note, it was held that the defense of illegal consideration must be specially pleaded.

The conduct of an agent in representing the other party to a transaction without the knowledge of his principal is in the nature of fraud; and this court, in the case of *McAfee* v. *Bending* (1905), 36 Ind. App. 628, 634, 76 N. E. 412, said:   "It is well settled that when fraud is the basis of an action or a ground of defense, it must be shown by special plea containing facts directly averred, constituting fraud, before evidence will be admitted tending to prove the ultimate fact."

To the same effect is a statement in *American, etc., Loan Assn.* v. *Fowler* (1909), 46 Ind. App. 285, 292, 88 N. E. 118, 92 N. E. 183.

Rehearing is denied.