SOUTHERN INDIANA GAS AND ELECTRIC COMPANY *v.*
VAUGHN.

[No. 13,106. Filed October 5, 1928. Rehearing denied February 13,
1929.]

*Roscoe Kiper* and *Robinson & Stilwell,* for appellant.
*Frank H. Hatfield, William C. Welborn* and *Louis L.
Roberts,* for appellee.

NICHOLS, C. J.—Action by appellee to recover from
appellant damages for the loss of services of Anna E.
Vaughn, wife of the appellee, who was injured by one of
appellant's cars striking her at a street crossing in the
city of Evansville, Indiana. The case is companion to

a case by the wife of appellee against appellant for personal injuries sustained by her in the same accident as here involved. In that case, a judgment in her favor was affirmed by this court. See *Southern, etc., Electric Co.* v. *Vaughn* (1926), 85 Ind. App. 516, 151 N. E. 742. The facts herein are substantially the same as in that case and do not need to be here repeated.

In this case, the complaint is in two paragraphs, the first paragraph being substantially the same as in the former case, and the second paragraph being on the theory of last clear chance.

The cause was submitted to a jury for trial and a verdict for appellee in the sum of $1,890 resulted. Appellant filed its motion for a new trial, which was overruled, and the court rendered judgment on the verdict, from which this appeal, appellant presenting error of the court in overruling its motion for a new trial. Under this motion, appellant presents that the court erred in excluding evidence of Dr. Marchand offered by appellant that the wife of appellee had visited him a hundred times for treatment, and that, from October, 1909, to August, 1917, she was suffering from chronic causes, chronic bronchitis, chronic nervousness, hemorrhages from the lungs, and a bad heart. Mrs. Vaughn stated on cross-examination that Dr. Marchand had treated her a number of times, so that, even if it had been error to exclude the testimony as to the exact number of times, still it would not be reversible error.

No questions were asked of Mrs. Vaughn on direct examination relative to any treatment that had been given her by Dr. Marchand, and her testimony as to the fact that she had been so treated by him for female trouble and as to the number of times was in response to questions concerning any ailments such as were enumerated in appellant's offer to prove in answer to its question to Dr.

Marchand. As we read the offer to prove chronic bronchitis, chronic nervousness, hemorrhages from the lungs and a bad heart were appositional with chronic causes, specifying the kind of chronic causes or ailments with which appellant offered to prove the wife was suffering, and not including therein female diseases. It thus appears that she gave no testimony, even on cross-examination, as to any of the ailments included in the offer to prove.

Section 550 Burns 1926 provides that physicians shall not be competent witnesses as to matter communicated to them by their patients, in the course of their professional business, or advice given in such cases. The privilege conferred is upon the patient and not upon the physician, and the patient upon whom it is conferred may claim it, and, under the circumstances as given above, we hold that it was not waived. Both this court and the Supreme Court have given the statute a liberal interpretation in favor of the patient, and have protected the relation between the patient and the physician as confidential. In *Masonic, etc., Assn.* v. *Beck* (1881), 77 Ind. 203, 40 Am. Rep. 295, the question to be decided was as to whether the physician who, in the course of the treatment of his patient had obtained a knowledge of his ailments, was competent to testify with reference thereto without the consent of the patient, and the court said: "The relation of physician and patient, no matter what the supposed ailment, should be protected as strictly confidential, subject only to the right of the patient to waive the restriction." The rule is so well settled that we deem it unnecessary to discuss it further. The following authorities fully sustain it: *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 477, 114 N. E. 962; *Gurley* v. *Park* (1893), 135 Ind. 440, 442, 35 N. E. 279; *Springer* v. *Byram* (1894), 137 Ind. 15, 36 N. E. 361, 45 Am. St. 159, 23 L. R. A. 244; *Myers* v. *State* (1922),

192 Ind. 592, 137 N. E. 547; *Indiana Union Traction Co.* v. *Thomas* (1909), 44 Ind. App. 468, 475, 88 N. E. 356.

We have carefully examined the instructions given by the court and those tendered by appellant and refused and we find no error therein. In the thirty-seven instructions given by the court to the jury, it was well instructed as to the law of the case.

The judgment is affirmed.