INSURANCE UNDERWRITERS, INCORPORATED, *v.* GLOSSBRENNER.

[No. 13,349.   Filed June 4, 1929.]

*Elliott, Weyl & Jewett,* for appellant.

*Jacob S. White, Burrell Wright* and *Edward J. Boleman,* for appellee.

REMY, J.—Action by appellee against appellant to recover for services as agent. Complaint in two paragraphs; first based on an express contract of employment; second on *quantum meruit.* Answer in two paragraphs; denial and payment. Reply in denial to plea of payment. Trial resulted in a finding and judgment for $1,185.03.

On appeal, the only question presented is that the amount of recovery is too large.

It is averred in the complaint, and there is evidence to prove, that from March 1, 1924, to December 18, 1926, appellee was employed by appellant as solicitor of automobile insurance, during which time appellant was attorney-in-fact of the Old Trails Automobile Insurance Association, a reciprocal under the laws of this state, appellee's father being the president, and a part of the time general manager, of appellant company; that, under appellee's contract, he was to receive a certain bonus in addition to a stipulated commission; that, by a recognized practice of the company, an agent was authorized to appoint subagents, for whose work the appointing agent would receive credit; that the rating for bonus purposes was determined on coverages rather than policies; that is, a policy insuring against fire, theft, collision, property damage and public liability would be considered five coverages, and not a single policy; that, for

all coverages written by an agent and his subagents in excess of 500 during one year, the agent received a bonus of twenty-five cents each; for all over 1,000, fifty cents each; for all over 1,500, seventy-five cents each; and for all over 2,000, $1 each; that from March 1, 1926, until appellee left the employ of appellant, he and his subagents of whom no question is made wrote 1,187 coverages; that Rozelle, one of appellee's subagents who had been working as such in Indianapolis, went to the city of Anderson, February 4, 1926, where he worked for the remainder of the year, in which city, from February 4, 1926, to August 1, 1926, he wrote 325 coverages.

As to the foregoing facts there was no controversy on the trial, and there is no controversy on appeal. The facts in dispute are, first, that appellee was employed for the fiscal year, and having terminated the employment before the end of the year, he was entitled to no bonus; and, second, that Rozelle was not appellee's subagent after he went to Anderson, and appellee was not entitled to any credit for the 325 coverages written by Rozelle in that city.

As to the first question, the evidence to sustain appellant is the testimony of certain officers of the company to the effect that an agent who left the service of the company during the fiscal year was, under his contract of service, not to receive any bonus. On the other hand, the decision of the court is supported by the testimony of appellee and his father, who at the time was president and general manager of appellant company, that, when appellee was employed, the bonus provision was included in his contract, nothing being said to him about his not being entitled to the bonus except when service for a fiscal year was completed. On this issue, there certainly is evidence to sustain the court's decision.

As to the second question, the evidence shows that in

September, 1925, appellee appointed Rozelle as his subagent, in which capacity he worked in the city of Indianapolis till February 4, 1926, at which time he went to the city of Anderson, where he continued to solicit insurance for appellant company. Between Rozelle and appellee there was an agreement that the subagency should continue until August 1, 1926, to the end that, in fixing the amount of his bonus, appellee would have the benefit of all coverages written by Rozelle up to that time, of which contract the company had notice. With knowledge of the fact that appellee and Rozelle had agreed that the subagency should continue until August 1, 1926, the company listed Rozelle as "district manager" at Anderson, and furnished him advertising matter carrying such title. At a meeting of the board of directors of the company in March, 1926, the question as to Rozelle's continuing as subagent till August 1, came up and was discussed, but no action was taken in reference to the matter. On the trial, H. M. Glossbrenner, who it appears from the evidence had general charge of all business of appellant during all of the time from February 4, 1926 to August 1, 1926, testified that during all of that time Rozelle was subagent of appellee.

Appellant calls attention to the rule of the law of agency, that the agent must not put himself into such relations that his interests become antagonistic to those of his principal, and argues that the agreement between Rozelle and appellee, and approved by the general manager of the company, by which agreement the subagency of Rozelle was to continue till August 1, 1926, was antagonistic to the interests of appellant, was fraudulent, citing *Hammond* v. *Bookwalter* (1895), 12 Ind. App. 177, 39 N. E. 872; *Bedford Coal, etc., Co.* v. *Parke County Coal Co.* (1909), 44 Ind. App. 390,

89 N. E. 412. There would be merit in this contention if the facts as shown by the evidence were sufficient to bring the case within the rule stated. The evidence shows that very soon after appellee and Rozelle had agreed between themselves to continue the relation of agent and subagent, the matter was brought up at a meeting of the board of directors of appellant company, the general manager being present, and, after a full discussion, no action was taken, and the contract as agreed upon permitted to stand. This amounted to a ratification of the contract by the board of directors.

It follows that the subagency of Rozelle continued after he took up his work at Anderson, and until August 1, 1926, and that the recovery is not too large.

Affirmed.