STATE FARM MUTUAL AUTOMOBILE INSURANCE
CO. *v*. KRAMER ET AL.

[No. 15,823.  Filed May 9, 1938.  Rehearing denied
October 7, 1938.]

*Wickens & Wickens,* for appellant.

*John E. Osborn* and *Frank Hamilton,* for appellees.

WOOD, J.—This is an action brought by the appellee Maple against the appellee Kramer and the appellant, to recover damages alleged to have been sustained by the appellee Maple, as the result of fraudulent conduct resorted to by appellee Kramer and appellant in obtaining a release from appellee Maple of a claim for damages for personal injuries suffered by him, as the result of the negligent operation of an automobile truck by appellee Kramer.

The material allegations of the complaint, briefly summarized, are: that as the appellee Maple was walking along the side of a public highway in this state, the appellee Kramer, through the negligent operation of an automobile truck upon and along said highway, struck appellee Maple inflicting serious bodily injuries upon him; that as a result of such injuries Maple was rendered unconscious and physically incapacitated and mentally incapable of transacting business; that while he was confined in a hospital in this condition, and with full knowledge thereof, and with full knowledge that appellee Maple had a valid and legitimate claim against his co-appellee Kramer·for damages suffered by appellee Maple as the result of appellee Kramer's negligence, the appellant, as insurer of said appellee Kramer against liability for such damages, fraudulently obtained a release from appellee Maple of his claim for damages against appellee Kramer.

This complaint, which was in one paragraph, was answered by a general denial. Upon these issues the

cause was submitted to the court and a jury for trial. The jury returned a verdict against the appellant in favor of the appellee Maple. Pursuant to a peremptory instruction by the court, the jury returned a verdict in favor of appellee Kramer. Within due time the appellant filed a motion for a new trial which was overruled and judgment was rendered in accordance with the verdict. Appellant appeals, assigning as the only error for reversal the overruling of its motion for a new trial.

The only causes alleged for a new trial and not waived by appellant for failure to discuss them are: that the verdict of the jury is not sustained by sufficient evidence, that it is contrary to law, and the refusal of the trial court to give to the jury each of instructions numbered eight, eleven, and twenty-one tendered by the appellant.

In considering the alleged errors of which appellant complains, it is necessary that we keep in mind the gist of appellee Maple's cause of action. This is an action by Maple against the appellant and the appellee Kramer to recover damages for alleged fraudulent conduct resorted to by appellant and appellee Kramer in procuring a release from Maple of any claim which he might have against Kramer for his negligent conduct, resulting in personal injury to Maple. Kramer's negligence in the operation of his automobile truck was only incidental to the primary question presented for determination by the issues joined in this action.

From an examination of the record, it appears that the evidence as applied to appellant was conflicting on some of the material issues joined by the pleadings. There is no evidence in the record that the appellee Kramer was connected in any way with or took any part in obtaining the release from the appellee Maple, for the claim for damages which it is alleged he had against Kramer, so the verdict returned

by the jury in Kramer's favor, pursuant to the court's peremptory instruction, was proper. Counsel for appellant contend and cite authorities to the proposition that where a cause of action sued on is based on the alleged negligence of a servant who is made a defendant and the jury returns a verdict in his favor, there can be no recovery against the master, and that since the jury in the instant case was instructed to and did return a verdict in favor of appellee Kramer, there could be no liability on the part of appellant. Counsel for appellant have set forth a correct rule of law, but it is not applicable to the issues tendered in this case. There was sufficient evidence to sustain the verdict against appellant and it is not contrary to law.

The appellant complains of the refusal of the court to give to the jury each of instructions numbered eight and eleven tendered by it. This action of the court was not reversible error. The principles of law incorporated in these two instructions were contained in substance in instructions given to the jury by the court of its own motion.

Finally, the appellant complains of the refusal of the court to give to the jury instruction numbered twenty-one tendered by it. This instruction reads as follows:

"Any information acquired by a physician while in his professional attendance as such physician upon his patient is privileged; that is, such physician is not permitted to disclose such information or testify in court as to information so acquired except as called by such patient. I therefore instruct you that you should not draw any inference or presumption against the defendants or either of them because they have not called the physician who attended plaintiff at the time of the injuries of which he makes complaint herein to testify concerning information acquired by him in such professional attendance."

The right to call an attending physician as a witness is not limited to the patient. The physician may be called by other parties to the litigation, but whether he shall or shall not be permitted to testify concerning confidential communications is a privilege to be exercised by the patient himself. *Southern Indiana Gas, etc., Co.* v. *Vaughn* (1928), 88 Ind. App. 561, 163 N. E. 107. The last sentence of the instruction if given would have extended license to the jury to infer that, if the attending physician had been called to testify, the appellee Maple would have exercised his privilege and prevented the physician from testifying, in other words, anticipating a course of conduct on the part of appellee Maple which the record shows never transpired, and acting upon this assumption, the appellant by this instruction asked to have the jury advised concerning an assumed state of facts not appearing in the record, as an excuse for not calling the physician as a witness. Whether the appellee Maple would have objected to the physician giving testimony of confidential facts obtained by him in his professional capacity does not appear, for the record fails to show that he was ever put to the exercise of his option. It was a privilege which the appellant could not exercise for the appellee Maple. Furthermore, while the instruction may have correctly stated an abstract proposition of law, it was not applicable to the issues tendered or any evidence submitted in support thereof. We do not think it was reversible error to refuse to give this instruction. *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 103 N. E. 7; *Woodsmall and Co.* v. *Steele* (1924), 82 Ind. App. 58, 141 N. E. 246.

Finding no error, the judgment is affirmed.