## BUDD HOARD CO. v. A. B. KIRSCHBAUM CO.

No. 15275—Opinion Filed May 26, 1925.

Rehearing Denied Oct. 13, 1925.

**Pleading—Office of Answer—General Denial —Payment—Pleading Settlement.**

The object of an answer is to apprise plaintiff of the defense intended to be set up in bar of his claim, and settlement for less than the amount due is not provable under a general denial or plea of payment. Where defendant rests his case on a settlement for less than the amount due based upon the fact that plaintiff accepted and collected defendant's check bearing the words "Payment in full for spring season" it must be specially pleaded.

(Syllabus by Ray, C.).

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by A. B. Kirschbaum Company against Budd Hoard Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Cruce & Potter and Sigler & Jackson, for plaintiff in error.

Johnson & McGill, for defendant in error.

Opinion by RAY, C. This suit is for goods and merchandise alleged to have been sold and delivered. Following is defendant's amended answer:

"Comes now Budd Hoard Company, the above defendant, and leave of the court having first been obtained, files this its amended answer to plaintiff's petition, and for answer to plaintiff's petition herein, defendant, Budd Hoard Company, denies generally and specifically each and every allegation herein contained except such as may be hereinafter specifically admitted.

"Answering further, defendant denies that it owes the plaintiff the sum sued on in plaintiff's petition or any part thereof but on the contrary says that it has paid the plaintiff in full all sum or sums which he ever owed the plaintiff and that said plaintiff has accepted such payment in full settlement of any sum or sums that said defendant ever owed plaintiff."

As a defense the defendant offered in evidence its check of July 29, 1920, of which the following is a copy:

"Budd Hoard Company      No. 07083

"Largest Clothiers in Southern Oklahoma

"Payment in full
for Spring Season.    Ardmore, Okla., July 29 1920.

"Pay to the order of A. B. Kirschbaum Company $2,032.52.

"Twenty Hundred Thirty-two Dollars Fifty Two Cents.
         "Budd Hoard Company

"Indorsed:      By J. M. Hoard, Jr.

"To the First National Bank,
   "Ardmore, Okla.

"A. B. Kirschbaum and Co. August 2, 1920."

Defendant's contention is that when the plaintiff indorsed and cashed its check containing the words "Payment in full for spring season," it accepted the check in full payment of its account to that date. In its letter transmitting the check the defendant wrote, "We are enclosing herewith statement and check for $2,032.50 covering our account to date." The account enclosed by defendant to plaintiff showed, first, the dates and amounts of shipments of goods received by it, totaling $5,755.05, and credits claimed for goods returned and amount of each item for which credit was claimed, including, as of May 27, 1920, "credit memorandum $994.10," showing total amount of credits claimed of $3,569.55 plus $152.98 discount, leaving due from the defendant to the plaintiff $2,032.52, the amount of the check.

Plaintiff offered in evidence the depositions of its bookkeeper and shipping clerk in rebuttal. This evidence. among other things, shows that on May 27, 1920, the plaintiff sent the defendant a credit memorandum showing credit of $994.10 as the total of a large number of items returned by defendant to plaintiff, and that this item was claimed as a credit by the defendant in its statement of July 29, and that the different items going to make up the total of $994.10 credit memorandum were also claimed as credits. The defendant Hoard, in his testimony. claimed that a number of items had been charged to him twice. It appears that the items referred to were shipped to the defendant and charged to his account; that thereafter the defendant returned them to the plaintiff, who gave the defendant credit for the amount and thereafter shipped them to the defendant on telegraphic order.

The check offered in evidence by the defendant for the purpose of showing full payment and settlement of the account was admitted over the objection of the plaintiff. After the evidence was in the court reversed its ruling and held it not admissible, apparently upon the ground that it was not within the issues made by the pleadings. The defendant contends that it was admissible under the plea of payment, while the plaintiff contends that it was a special defense to be specially pleaded. This court has held in Jones v. El Reno Mill & Elevator Co., 26 Okla. 796, 110 Pac. 1071, that where the action is merely for an alleged existing balance due at the time of the institution of the suit, without reference to the extent of the amount of the original liability, evidence of payment is admissible under the general denial. The check was admissible for the purpose of showing payment to the amount of the check, but was it admissible under the pleadings for the purpose of showing that it was given and accepted as full payment of the account?

Defendant's answer was a plea of payment, but not a plea that the check was given or accepted in full settlement of the ac-

count or that a settlement had been made for less than the full amount of plaintiff's claim. Under this pleading the defendant may prove payment, but can he prove settlement for less than the full amount of the claim?

"Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of plaintiff's case he must set it out. The general rule is that any fact which avoids the action. and which the plaintiff is not bound to prove in the first instance in support of it, is new matter and must be specially pleaded." Bliss on Code Pleading (3rd Ed.) page 352.

"The object of an answer is to apprise the plaintiff of what defense is intended to be set up in bar of his claim." 21 R. C. L. 531.

This answer did not apprise plaintiff of any contention on the part of the defendant that the check had been given and accepted in full settlement of the account. The contention of the defendant that where a claim is disputed and a check is given and accepted as full settlement it is a defense to the action, is sustained by the authorities cited, but a defense may be waived by failure to plead it, and where settlement of the account for less than the full amount is sought to be established as a defense, it must be specially pleaded unless the evidence of the plaintiff shows that it was so settled.

Throughout the trial objections were made by the plaintiff to evidence offered by the defendant and the objections were overruled. The defendant contends that by the language of the court in reversing his ruling, the court in effect excluded all the evidence of the defendant. It may be said that it is difficult to determine by the language of the court just what evidence offered by the defendant was intended to be excluded, and, therefore, difficult to determine just what evidence the court considered in its general finding for the plaintiff. However. the case was tried to the court and all the evidence of the defendant was admitted before the court reversed its ruling. It is all contained in the record and has been carefully considered. When all the defendant's evidence is considered, it is clear that the court reached a correct conclusion. The testimony of plaintiff's witnesses, that the statement of the account forwarded by the defendant to plaintiff with the check of $2,032.52 omitted certain shipments of goods and that the credit memorandum of $944 included within it items of goods returned and claimed as credits, was uncontroverted. The defendant's witnesses testified in general terms that some of the goods were not received and some returned for which no credit was given without specifying the items, dates, or values. Plaintiff made a prima facie case which was not overcome by the defendant's evidence.

The judgment should be affirmed.

. By the Court: It is so ordered.

Note.—See under (1) 12 C. J. p. 363; 31 Cyc. p. 44; 21 R. C. L. 532 et seq.; 3 R. C. L. Sup. p. 1165.