## CORNELL v. HOWE.

No. 17982.   Opinion Filed May 29, 1928.

Rehearing Denied July 24, 1928.

(Syllabus.)

1. Appeal and Error—Review—Conclusiveness of Findings in Law Case.

In a case properly triable to a jury, but in which by consent of the parties a jury is waived and the trial is to the court, a general finding by the court in favor of one of the parties will be given, on appeal, the same weight and effect as the verdict of a jury.

2. Brokers—Real Estate Agents—Introducing Agent Held Entitled to Commission from Seller Who Engaged and Paid Another Agent.

Where an owner of real property lists the same for sale with an agent, and such agent by his efforts brings a purchaser to the seller with whom he begins negotiations, which at no time are entirely discontinued until a sale is consummated, and during which time the agent informs the seller that he will assist him at any time in closing the trade, and though at all times during the negotiations, said introducing agent was easily accessible to the seller, he never at any time requested any assistance from such agent, but called on another agent, who assisted him in making the sale and to whom the seller paid a commission, held, that under these facts the introducing agent is entitled to receive his commission.

3. Same—Customary Commission Based on Owner's Valuation of Land Traded.

In an action for commission as agent on sale of real estate, where the plaintiff alleges the contract of agency in his petition, but such petition does not allege a contract as to the amount of the commission to be paid, but says that he is entitled to the customary fee paid in that community, and the evidence shows the value defendant placed on his land when he traded the same, and that the ordinary and customary commission, as shown by the evidence, based on said valuation of defendant's land, is the amount for which the court rendered judgment, such judgment was proper.

Commissioners' Opinion, Division No. 1.

Error from District Court, Custer County; E. L. Mitchell, Judge.

Action by Eugene Howe against George A. Cornell, Jr. Judgment for plaintiff, and defendant brings error. Affirmed.

G. W. Cornell and Odyne Cornell, for plaintiff in error.

T. W. Jones, Jr., Sam L. Darrah, and Johnson & Johnson, for defendant in error.

REID, C. This is a suit brought by Eugene Howe, defendant in error, against George A. Cornell, Jr., plaintiff in error, to recover commission as broker in the sale of a tract of land.

The case was tried to the court without a jury, and the plaintiff had judgment, from which the defendant appeals. The parties will be referred to as they stood in the trial court.

- The question most seriously urged is that

the evidence does not reasonably sustain the finding and the judgment of the trial court. With this condition we are required to review only the evidence sustaining plaintiff's right of recovery, and see whether there was any evidence reasonably tending to support it, as it was for the trial court to say for whom the evidence preponderated.

The defendant owned a home adjoining the city of Weatherford, immediately north of the State Normal campus, which consisted of a 17-room dwelling, with other improvements, all located on 16 acres of land. The defendant desired to trade or sell this property, and had listed it with the First Mortgage & Loan Company of Weatherford, Okla., about January 1, 1925.

On or about May 1, 1925, the defendant came into the office of plaintiff, who was in the real estate business in Weatherford, and asked plaintiff if he would find him a deal for his property. After this conversation the plaintiff went to work trying to find a purchaser or a party who would trade for defendant's place. He took three or four different parties to see defendant's home, but the evidence is not clear that defendant knew they were there. And he took defendant to see properties that he thought he might become interested in. The evidence is fully sufficient to show that it was through the efforts of the plaintiff that the defendant was brought in touch with one Hiram Fletcher, who finally bought or traded for defendant's property.

The negotiations out of which the trade grew began on July 25, 1925, when the plaintiff took Fletcher to defendant's home, and Fletcher examined the property, and he and defendant discussed a trade. After Fletcher had examined the property, the plaintiff suggested that as he, Fletcher, knew about both properties, he should make the defendant an offer. Fletcher then made an offer, which was not accepted, and the parties separated, with the understanding that defendant would examine Fletcher's property the early part of the next week. And at this time plaintiff offered to take defendant to Fletcher's, but defendant declined on the ground that he also wanted to see some other property in that vicinity.

The trial court was authorized to find from all the evidence that the defendant knew that the plaintiff had brought Fletcher there, and was acting as the defendant's agent in accordance with the agreement they had theretofore made.

The defendant urges, as the main basis for his proposition, that the judgment cannot stand on the evidence under the doctrine laid down in Nation v. Harness, 33 Okla. 630, 126 Pac. 799, to the effect that the agent who induces the seller and purchaser to enter into the contract is entitled to the commission although another agent may have first brought the parties together. We think that there is sufficient testimony in this case to place the defendant where he cannot invoke this rule. In this case the plaintiff found the purchaser; introduced him to the defendant, who in the presence and at the suggestion of the plaintiff made the defendant a tentative offer of trade at this first meeting. On Tuesday, the defendant went to the home of Fletcher, examined his property, further discussed the trade, but they were unable to reach an agreement. Defendant left, saying that he would write Fletcher in the event he thought there was any prospect of a trade. Within two on three days after the visit on Tuesday, the defendant wrote Fletcher, and upon receipt of the letter he came to see the defendant at Weatherford, where they again discussed the matters at length, and Fletcher raised his offer, but they were yet unable to trade. A few days after the defendant had gone to see Fletcher's property, he and plaintiff met on the streets of Weatherford, and plaintiff inquired as to the status of the matter, and defendant told him that they had not gotten together. The plaintiff offered then to assist defendant, but the defendant indicated there was no prospect of a trade, and, in effect, declined the offer of assistance. The plaintiff was in town during the entire negotiations between the defendant and Fletcher, but defendant made no further mention of the matter to plaintiff.

This property was also listed for sale by the defendant with the First Mortgage & Loan Company of Weatherford, which was owned by R. T. Hoberecht, E. A. Hoberecht, and R. E. Remund; and the defendant was an employee of a company in which R. T. was interested, writing insurance for it.

Four or five days after Fletcher came to see defendant in response to his letter, the defendant, according to his own testimony, went to R. T. Hoberecht for advice, and told him that he was unable to trade with Fletcher, and Hoberecht then offered to assist him in making the deal.

On the next day, the 15th day of August, 1925, the defendant and Hoberecht went to Fletcher's home, and after negotiating for several hours, the trade was made, the negotiations on the part of the defendant being conducted through Hoberecht. By the terms of this trade defendant received in

cash and additional property approximately $2,000 more than he was offered by Fletcher the first time they met.

After the trade was made the plaintiff asked defendant how Hoberecht got into this deal, and defendant said that he went to Hoberecht for advice, and told him about it, and plaintiff asked defendant why he did this, and he said that the plain fact of the case was he could save a little money, and further said that he had been working a little in the office of Hoberecht, and could get the work done cheaper than plaintiff could do it.

The negotiations begun by the purchaser and the defendant at the instance of the plaintiff were never broken at any time until the trade was made. During this time no opportunity was given plaintiff to earn his commission, though every suggestion of good faith should have called the defendant to mention the matter to the plaintiff instead of the other agent in the event defendant was unable to close the trade alone. He testified that he saw plaintiff every day while the trade was pending.

It is fair to say that the defendant denied the substance of most of the testimony adverse to him, but we are not passing on the credibility of the witnesses.

The rule more nearly applicable to this case, it seems to us, is announced in Roberts v. Markham, 26 Okla. 387, 109 Pac. 127, in which Williams, J., speaking for the court, said:

"The exclusive right to sell not being given, the owner may sell independent of the agent, and in such case he will not be liable to the agent for the commission, unless he sells to a purchaser procured by the agent. Birch v. McNaught, 23 Okla. 634, 101 Pac. 1049; 1 Ballard on the Law of Real Property (4th Ed.) sec. 361; In the case of Tyler v. Parr, 52 Mo. 249, it is said:

" 'The law is well established that, in a suit by a real estate agent for the amount of his commission, it is immaterial that the owner sold the property and concluded the bargain. If, after the property is placed in the agent's hands, the sale is brought about or procured by his advertisements and exertions, he will be entitled to his commissions; or if the agent introduces the purchaser, or discloses his name to the seller, and through such introduction or disclosure negotiations are begun, and the sale of the property is effected, the agent is entitled to his commission, though the sale may be made by the owner.' "

And the foregoing rule is not changed by the fact in this case that the defendant sought and had the assistance of another

agent in closing the trade. He could not extinguish one liability by choosing to incur another.

The trial court was entirely justified in finding, as an element of his judgment for the plaintiff, that the defendant failed to act in good faith with the plaintiff, in that he avoided giving him an opportunity to assist him in the trade; led him to believe he was not wanted or needed, and, instead, obtained the assistance of one to whom, as an agent, he was, as to that particular trade, under no obligation.

The defendant says that the plaintiff, having sued upon the contract as to the commission, cannot recover on quantum meruit. We have examined the petition, and it nowhere alleges that any contract as to commission was made between the parties. The allegations are that the property was listed with the plaintiff for the purpose of finding a deal therefor; and further states that the usual and customary commission for finding a purchaser of property is the sum of five per cent. on the valuation thereof; that said property was listed with plaintiff at a valuation of $10,000, which was a fair valuation; that plaintiff performed his contract of employment, and produced a deal for said defendant for said property, and is therefore entitled to a commission in the sum of $500, for which he prayed judgment.

The evidence upon the trial of the case was that the usual and customary commission was five per cent. on the first $5,000 and 2½ per cent. on the amount of the consideration received thereafter. The plaintiff recovered judgment for $312.50.

The defendant's testimony showed that he made the trade upon a basis of $7,500 valuation, and that he paid Hoberecht $312.50. This would be the customary fee under the foregoing evidence.

The case of Roberts v. Markham, supra, we think also disposes of this question in the following language:

"It is contended by plaintiff in error that there was no evidence tending to establish the amount of the agent's compensation by contract. If there was evidence tending to show an express or implied contract as to the agency, and no agreement as to the amount of compensation, there being evidence introduced without objection as to the reasonable or customary value of such compensation, such evidence would be sufficient to sustain the finding of the court. In the case of Scully v. Williamson, infra, 108 Pac. 395, paragraph 1 of the syllabus reads as follows:

" 'When a real estate broker sues to re-

cover compensation for services rendered in procuring a purchaser under a contract which fails to fix the rate of compensation, he is entitled to recover a fair and reasonable compensation for the services rendered in compliance with his contract.'"

Upon a review of the whole case, we have found evidence reasonably tending to support the judgment of the trial court. It therefore follows that the judgment should be affirmed.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 876, §2853; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.   (2) 9 C. J. p. 615, §97; anno. 44 L. R. A. pp. 338, 339; L. R. A. 1917E, 1175; 4 R. C. L. p. 320; 5 R. C. L. Supp. p. 239; 7 R. C. L. Supp. p. 126.   (3) 9 C. J. p. 580, §78.