### A. B. KIRSCHBAUM CO. v. OGDEN, District Judge, et al.

No. 19457.　Opinion Filed July 31, 1928.

(Syllabus.)

**Prohibition—Writ Denied When Ordinary Remedies Available.**

A writ of prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available.

Original application by the A. B. Kirschbaum Company against John B. Ogden, District Judge, et al., for writ of prohibition. Writ denied.

Dolman & Dyer, for petitioner.

Cruce & Potter and Sigler & Jackson, for respondents.

RILEY, J. In cause No. 8940, district court of Carter county, the A. B. Kirschbaum Company recovered a judgment of $1,510 against Budd Hoard Company. It was affirmed. Budd Moard Co. v. A. B. Kirschbaum Co., 115 Okla. 21, 242 Pac. 268. Execution was issued.

Budd Hoard Company brought suit against Kirschbaum Company for defective materials furnished, etc., and secured a temporary restraining order against the execution issued until final action. A bond was given ($4,000). A motion of A. B. Kirschbaum Company to vacate the temporary restraining order was overruled. Budd Hoard Company secured a judgment in the sum of $500 against Kirschbaum Company, and then the district court discharged the "injunction"

against the former execution, but Budd Hoard Company filed a motion for new trial. It was overruled and superseded April 14, 1928. The appeal has not been perfected.

On May 21, 1928, Kirschbaum Company, in cause No. 8940, issued an execution for $1,510, less $500 credit by cause No. 13875.

The court on motion of Budd Hoard Company quashed the execution so issued and overruled Kirschbaum Company's plea to its jurisdiction. Exceptions were saved, but no appeal made, but this original action was filed in this court for writ of prohibition.

"A writ of prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available." Morrison v. Brown, 26 Okla. 201 109 P. 237! McThwaite Oil & Gas Co. v. Bolen, 77 Okla. 155, 187 P. 221.

Such is the rule even where an inferior court, having jurisdiction of the subject-matter and the parties, makes an erroneous application of the law. The reason is stated in the cases cited. Jeter v. Dist. Court of Tulsa County, 87 Okla. 3, 206 P. 831.

The petition is denied.

PHELPS, LESTER, HUNT, and CLARK, JJ., concur.