## KURZ v. STAFFORD et al.

No. 18873.    Opinion Filed Feb. 12, 1929.

Hill & Titus, for plaintiff in error.

R. M. Chase, W. L. Houts, and Guy D. Talbot, for defendants in error.

ANDREWS, J. The plaintiff in error was the defendant below and the defendants in error were plaintiffs below, and will be so referred to herein.

The plaintiffs were real estate agents and had a ranch listed with them for sale or trade. They contend that they were approached by the defendant, who stated that he had a stock of goods, some buildings and some lots for sale or trade and wanted to know what plaintiffs could procure in trade for his property; that they told him about the ranch and that the defendant then wanted to know what commission they would charge him if they got a trade, and that they told him the commission would be $500 on his mercantile stock, and if the buildings and lots were traded, it would be more.

It is clear that the plaintiffs then furnished the defendant with a description of the ranch, the name of the owner, and the agent in charge, and the defendant went to the property, examined the same, and concluded an agreement with the owner thereof by which a trade was consummated.

The defendant refused to pay any commission, and plaintiffs filed their suit against the defendant setting forth their views as aforesaid and praying for judgment in the sum of $500 for the sale of the stock and the usual and customary commission in the sum of $400 for the sale of the buildings and lots.

To this petition a verified answer was filed which contained a general denial, a denial of the employment, a denial that plaintiffs were his agents, a denial that the plaintiffs in any manner or form negotiated or traded the property, a denial of the indebtedness sued upon or any sum, and an allegation that plaintiffs were not licensed real estate agents. To this answer a reply was filed which was a general denial.

A trial was had to a jury which resulted in a verdict in favor of the plaintiffs and against the defendant in the sum of $500

on the first cause of action and $150 on the second cause of action. A motion for new trial was filed and overruled. Judgment was rendered in conformity to the verdict, and defendant filed his petition in error setting out five grounds for reversal as follows:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) Said court erred in admitting evidence on the part of the defendant in error.

"(3) Said court erred in refusing and ruling out competent and legal evidence on the part of plaintiff in error.

"(4) Said court erred in not sustaining defendant's demurrer to the evidence of plaintiff at the close of plaintiff's case.

"(5) Said court erred in not sustaining defendant's motion for a directed verdict."

Defendant, in his brief, presents two assignments of error, as follows:

"First Assignment of Error.

"The court erred in not holding, as a matter of law, that under the testimony of the defendants in error, they were representing the other owners of the property and could not, therefore, represent both sides; and they could not, after having listed the ranch and having received all the information from that source, turn it over to somebody else and at the same time, after they received all the information they could from the plaintiff in error, then represent him.

'Second Assignment of Error.

"The learned trial court erred in overruling and not sustaining the motion of the plaintiff in error for a new trial."

The plaintiffs answer the argument of defendant by stating that the defense set forth by the defendant in his first assignment of error was neither pleaded nor attempted to be proven nor claimed upon the trial; that no request was made that the jury be instructed on that theory of the case, and that the question, not having been raised in the trial court, could not be considered by this court on appeal, and that the evidence in the case does not support the contention of the defendant in his first assignment of error.

An examination of the petition in error discloses that the contention of defendant in his first assignment of error is not specifically set out therein. The record contains no request by the defendant for instructions. The instructions of the court do not cover the question raised by the defendant's first assignment of error and no objection was made or exception taken to the instructions.

An examination of the evidence discloses that each of the plaintiffs testified as to the agreement for the sale and commission. The defendant attempted to explain this by stating that the plaintiffs approached him and proposed to trade him the ranch and that he never at any time listed his property with them for sale; that the first he ever heard of the plaintiffs claiming commission from him was during his negotiations with the ranch owner, who told him that plaintiffs were going to hold him for commission.

There is but one question to be determined in this cause,—Were the matters and things set out in the first assignment of error of the plaintiff in error presented to the trial court?

An examination of the record in this case discloses that the answer of the defendant nowhere sets up this claim. The demurrer to the evidence was a general demurrer and did not raise this question. The defendant asked for no instructions; that question was not raised by the instructions given and no objection was made or exceptions taken to the instructions. The question was not specifically raised either by the motion for new trial or the petition in error.

The issue raised as to whether or not there was a contract of employment was settled by the verdict of the jury in favor of the plaintiffs. Stroup, Guardian, v. Brittian, 105 Okla. 276, 232 Pac. 814; Stewart v. Ludlow, 127 Okla. 144, 259 Pac. 835; Cornell v. Howe, 131 Okla. 299, 269 Pac. 243.

The verdict of the jury and the judgment of the court thereon established the contract. Plotner v. Chillson & Chillson, 21 Okla. 224, 95 Pac. 775; Levy v. Gross, 46 Okla. 626, 149 Pac. 237.

Bad faith on the part of plaintiffs could have defeated a recovery under the contract; however, that is a matter that must be pleaded and proven. Bliss, Code Pleadings (3rd Ed.) sec. 352; Pomeroy's Civil Remedies (4th Ed.) sec. 549; Childs v. Ptomey (Mont.) 43 Pac. 714; Sullivan v. Darratt (Kan.) 109 Pac. 777; Moore v. Damron, 157 Ky. 799, 164 S. W. 103; Gray v. Novinger, 166 Mo. App. 85, 147 S. W. 1128; Jacobs v. Byer, 125 N. Y. S. 597, 141 App. Div. 49; Franck v. Blazier, 66 Ore. 377, 133 Pac. 800; Northwestern Land & Colonization Co. v. Addington, 98 Wash. 576, 168 Pac. 164.

This rule is approved and followed by our court in Budd Hoard Co. v. A. B. Kirschbaum Co., 115 Okla. 21, 242 Pac. 268, where the Commissioner quotes from Bliss on Code Pleadings, supra, and 21 R. C. L. 531.

It cannot be presented for the first time

on appeal. Harris v. First Nat. Bank of Bokchito, 21 Okla. 189, 95 Pac. 781; Wattenbarger v. Hall, 26 Okla. 815, 110 Pac. 911; Wallace v. Duke, 44 Okla. 124, 142 Pac. 308; Starr v. Vaughn, 113 Okla. 247, 241 Pac. 152.

Under our practice the object of an answer is to apprise plaintiff of the defense intended to be set up in bar of his claim. Where that is done and the jury finds against him on the theory relied upon by him, he will not be permitted to change front in this court and claim the right to recover upon some other theory. The appeal is from the order of the trial court overruling the motion for new trial, and it is the duty of the party alleging error to call the trial court's attention thereto that the trial court may have an opportunity to correct the error, if any. Here the record shows that the error complained of was never called to the attention of the trial court, but is first presented on appeal to this court.

The defendant offered nothing in support of the allegation in his answer that the plaintiffs were not licensed real estate agents, and from the record apparently that defense was abandoned by him.

The trial court committed no reversible error in overruling the motion for new trial, and the cause is therefore affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and CULLISON, JJ., concur. SWINDALL, J., trial judge, disqualified.

Note.—See "Appeal and Error," 4 C. J. §2609, p. 701, n. 49.