**BOWLES et al. v. FARMERS NAT. BANK OF WEWOKA et al.**

No. 20018. Opinion Filed May 19, 1931.

Holt & Gilbreath, for plaintiffs in error.

Wimbish & Wimbish, for defendants in error.

HEFNER, J. The Farmers National Bank of Wewoka, as plaintiff, brought this action in the district court of Pontotoc county against A. L. Bowles and J. Edgar Smith, as defendants. Thereafter an amended petition was filed and alleged that since the filing of the original petition W. W. Pryor had become the owner of the original note sued on and for that reason asked that he be substituted in his own right as plaintiff. The petition alleged three causes of action. The controversy involved herein, however, seems to be over the third cause of action, and in substance it is alleged that W. W. Pryor is an attorney at law and as such was employed by the defendants to represent them in litigation pending in the United States District Court of the Eastern District of Oklahoma and that the Texas-Pacific Coal & Oil Company was the plaintiff and J. Edgar Smith and A. L. Bowles were defendants and that property rights valued at $300,000 were involved; that in accordance with the contract the plaintiff Pryor represented the defendants and as a result of the litigation the defendants are now the owners of a ⅔ of a ⅛ overriding royalty interest covering approximately 800 acres of land in Pontotoc county; that the said defendants had never paid him for the legal service rendered and that they were indebted to him on the three causes of action for legal services in the sum of $10,000.

In their answer the defendants denied that they were indebted to the plaintiff in the sum of $10,000 and denied the services rendered by him were worth that sum, and state as a matter of fact that he agreed to perform the services for the total sum of $700, and that during the course of the litigation and before the same was finally adjudicated he withdrew from the cause and demanded the sum of $335, which sum was

equivalent to the reasonable value of the services performed and expenses incurred by him up to that time, and that after the withdrawal he never performed any services of whatsoever kind or character for these defendants, and tendered into court $335 in full satisfaction.

The defendants further alleged that Fred Bowles was a party litigant in the litigation mentioned in the plaintiffs' third cause of action, and that the services so performed were performed equally for him and the defendants, and for this reason he should be made a party to the action, and should be compelled to pay a one-third of any judgment rendered.

The third cause of action was submitted to the jury and a verdict was rendered in favor of plaintiff in the principal sum of $500, and judgment was entered in accordance with the verdict.

The principal ground urged for reversal is that the verdict of the jury is not sustained by any evidence. After an examination of the evidence we cannot say that the verdict of the jury is not reasonably supported by competent evidence. This court has many times held that in a law case, where the same is submitted to a jury, if there is any competent evidence reasonably supporting the verdict of the jury, it will not be disturbed on appeal.

Error is also assigned because the trial court refused to give defendants' requested instruction No. 1. Among other things, the court instructed the jury as follows:

"Now, in ·this connection, you are instructed that if you find that the plaintiff entered into the employment of the defendants as an attorney in a case about which you have heard evidence, that he entered that employment, and that he served the defendants as attorney under a contract fee of two-thirds of $1,000, if you find these facts by a fair preponderance of the evidence—and if you find further that that contract was never altered or changed, then you will find for| the plaintiff in the sum of $666.66, but, on the other hand, if you find that that agreement was by the parties set aside, and that| the plaintiff didn't work under this contract, but that he entered into a new agreement with them, or that he didn't enter into any agreement at all to represent them, but that he did go ahead and represent them in the suit without any contract as to the amount of his services, and that the defendants then accepted his services, and the benefits of his services, then and in that event this suit would be a quantum meruit, and you would then return a verdict for the plaintiff for whatever amount you find by a preponder-

ance of the evidence he is entitled to recover from the defendants for the services actually rendered, and the profits derived by the defendants, for the services of the plaintiff in the suit of the defendants."

Under the facts as disclosed by this record, we think the jury were properly instructed. The instruction No. 1 requested would have been proper if it had not in a general way been covered by the court's instructions to the jury. When considered in the ·entirety, the court's instruction was fair both to ·the plaintiff and the defendants and properly submitted the issues to the jury.

There being no prejudicial error, the judgment is affirmed.

RILEY, CULLISON, ANDREWS, and KORNEGAY, JJ., concur.

LESTER, C. J., CLARK, V. C. J., and SWINDALL and McNEILL, JJ., absent.