## LE BOW v. TAGUE, Adm'x.

No. 21212.  Oct. 17, 1933.

George S. Ramsey, Edythe Jacobs, Edgar A. de Meules, Villard Martin, and Garrett Logan, for plaintiff in error.

Ellis A. Robinson and Quincy J. Jones, for defendant in error.

CULLISON, V. C. J. Susan A. Tague, administratrix of the estate of Charles L. Tague, deceased, plaintiff herein, filed suit against C. M. Le Bow, defendant, seeking to recover money judgment in her first cause of action for three separate items, to wit: (1) $480 for the use of a string of tools 24 days at $20 per day; (2) $435 for the use of an engine and boiler for 87 days at $5 per day; (3) $708 for 59 days of labor of Charles L. Tague during his lifetime at $12 per day. In plaintiff's second cause of action she sought to recover for the conversion by defendant of certain oil well drilling tools, the property of Charles L. Tague in his lifetime.

The case was tried to a jury and resulted in a verdict favorable to plaintiff. Defendant appeals, but does not question that portion of the verdict representing the use of the string of tools for 24 days or the portion of the verdict for the labor of Charles L. Tague, deceased.

Defendant's first contention is:

"The verdict and judgment for use of a boiler and engine for 87 days are wholly unsupported by the evidence and are based upon hearsay, speculation, and conjecture and incompetent testimony."

The record discloses that Charles L. Tague, deceased, was an oil well drilling contractor and that he had done considerable work for defendant. That Tague became ill during the time said work was in progress, and after an illness of several months, died. Tague had been working for defendant on some of the work in question prior to the time of his illness, and the machinery remained upon defendant's premises and was used by defendant after Tague became ill. The only testimony available relative to said transactions was the testimony of differ-

ent employees or other individuals who happened to be upon the lease where the work was carried on.

We have carefully considered the evidence relating to the second item of plaintiff's first cause of action, to wit, the use of the engine and boiler for 87 days at $5 per day, and find that there is competent evidence supporting plaintiff's claim and that there was adequate evidence upon which the jury found a verdict favorable to plaintiff.

The rule is well established in this state that where there is competent evidence supporting the verdict of a jury, this court will not reverse the same upon appeal, and relying upon said rule, we find that plaintiff in error's first contention is not well taken. Bowles v. Farmers' National Bank of Wewoka, 149 Okla. 60, 299 P. 449, and numerous other cases.

Defendant next contends that:

"The verdict and judgment on the second cause of action, for the conversion of tools, are wholly unsupported by the evidence. On the contrary, the evidence of plaintiff's own witnesses shows that there was no conversion. The judgment is not sustained by either the pleadings or the proof."

The record discloses that plaintiff's property was on defendant's lease. Defendant was using said property. Plaintiff sent trucks to procure said drilling equipment, and the evidence shows that they were unable to procure said drilling equipment. That defendant refused to turn the same to plaintiff. Plaintiff made three different trips in all to procure said property. The drilling equipment was on a lease near Morris, Okla., and after the filing of said suit defendant notified plaintiff that the drilling equipment was on a lease near Drumright, Okla., and that plaintiff could have the same.

The evidence relative to the conversion of the tools by defendant was presented to the jury. The evidence showed that a demand was made for the tools, but that the same were not surrendered by defendant. Defendant claimed that he had a right to use the tools until through with certain work for which he had the same. The contentions of plaintiff and defendant were presented to the jury under appropriate instructions from the court, and the jury found favorably to plaintiff, finding that there had been a conversion of said tools by defendant.

In the case of Federal National Bank v. McDonald, 129 Okla. 75, 263 P. 105, this court had under consideration a case of conversion, and in passing upon said matter the court said:

"In an action for conversion, where the evidence is conflicting as to whether the defendant exerted acts of dominion over plaintiff's property wrongfully, the finding of the jury in favor of the plaintiff will not be disturbed, where there is competent evidence which reasonably tends to support such finding."

We consider the evidence in the case at bar sufficient to bring it within the rule of the case just cited. The record discloses competent evidence supporting the verdict of the jury.

We, therefore, find that defendant's second contention is not well founded.

Defendant's third contention is that the verdict and judgment should be set aside because of the misconduct of the plaintiff below through her attorney in appealing to the passion and prejudice of the jury.

We have examined the record in said cause and more particularly in so far as it pertains to the question under consideration. A question was asked of a certain witness, which question was answered without objection by defendant. The information procured by said answer was discussed to some extent by the plaintiff's counsel. Said information was incompetent had it been objected to, but no objection was entered thereto and the evidence went before the jury without objection. Since said information was before the jury, it was not reversible error to discuss the same.

Upon careful consideration of the record and authorities heretofore cited in this case, we hold that the judgment of the trial court should be affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.