## MOORE v. CHADD.

No. 21696.  Nov. 28, 1933.

L. H. Harrell, Robt. S. Kerr, and Aubrey M. Kerr, for plaintiff in error.

R. Donald Slee, for defendant in error.

CULLISON, V. C. J.  G. S. Chadd, plaintiff, instituted suit against T. H. Moore, de-

fendant, seeking to recover commission alleged to be due on the sale of certain real property. The record discloses that plaintiff was engaged as a real estate agent and that defendant had a house located in Ada, Okla., which he desired to sell. Defendant listed said property with plaintiff, and plaintiff procured a prospective purchaser, showed said property to said prospective purchaser, and introduced the prospective purchaser to defendant. After some negotiations, defendant sold the property to the prospective purchaser through another real estate agent, and plaintiff instituted the suit at bar to recover his commission. The case was tried to a jury, and resulted in judgment favorable to plaintiff.

Defendant appeals and contends, first:

"The court erred in overruling the demurrer to the evidence of the plaintiff, and erred in not sustaining defendant's demurrer to plaintiff's evidence."

Defendant cites decisions of this court in support of said proposition, but upon consideration of said cases we do not consider the same to be squarely in point. However, in the case of Cornell v. Howe, 131 Okla. 290, 269 P. 243, this court had under consideration a case very similar to the one at bar, and in passing upon said case, announced the following rule:

"Where an owner of real property lists the same for sale with an agent, and such agent by his efforts brings a purchaser to the seller, with whom he begins negotiations, which at no time are entirely discontinued until a sale is consummated, and during which time the agent informs the seller that he will assist him at any time in closing the trade, and, though at all times during the negotiations said introducing agent was easily accessible to the seller, he never at any time requested any assistance from such agent, but called on another agent, who assisted him in making the sale and to whom the seller paid a commission, held, that under these facts the introducing agent is entitled to receive his commission."

Applying the rule just quoted to the facts and circumstances in the case at bar, we find that the trial court committed no error in overruling defendant's demurrer to plaintiff's evidence.

Defendant's second contention is:

"That the verdict is not sustained by sufficient evidence and is contrary to and in disregard of the court's instructions."

In consideration of this question we observe that this case was tried to a jury. We have examined the evidence in said

case, and find that there is competent evidence supporting plaintiff's cause of action. This evidence was submitted to the jury for its consideration, and considered by the jury in arriving at the verdict in said cause. This court has repeatedly held that where there is competent evidence supporting the verdict of a jury, the same will not be reversed upon appeal. Bowles et al. v. Farmers' Nat. Bank of Wewoka et al., 149 Okla. 60, 299 P. 449. See, also, LeBow v. Tague, 166 Okla. 7, 25 P. (2d) 1101.

The second part of defendant's second contention is that the verdict is contrary to, and in disregard of, the court's instructions. We cannot agree with this contention of defendant. The court below instructed the jury upon the issues in said cause and outlined to said jury the various elements and issues to be considered by it in arriving at a decision. The jury did not disregard the instructions of the court in arriving at the verdict, but followed the instructions of the court in passing upon the evidence in said case.

Defendant's third and last contention is that the court erred in admitting evidence on the part of the plaintiff. The question of the admission or rejection of evidence in the trial of a case is a question left largely to the sound discretion of the trial court. Unless it is made to appear that the complaining party has been injured thereby, the admission of such evidence does not constitute reversible error.

In the case at bar we have carefully considered the evidence concerning the admission of which defendant complains, and we do not believe that the court erred in the admission of said evidence. Upon careful consideration of this case, we find that the defendant had a fair trial, and that no reversible error was committed by the trial court, and that the judgment of the trial court should be affirmed.

SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.