MICCO v. BURKE-GREIS OIL CORP.

No. 31064. Sept. 21, 1943.

*141 P. 2d 270.*

Charles E. Grounds, M. W. Janes, and J. L. Emerick, all of Seminole, for plaintiff in error.

A. S. Wells, of Seminole, and Rogers, Stephenson & Dickason, of Tulsa, for defendant in error.

GIBSON, V. C. J. Plaintiff below appeals from an allegedly insufficient judgment rendered in her favor by the superior court of Seminole county in an action for rents and profits and for damages for wrongful withholding of possession.

According to the petition, plaintiff owned the land in question, and defendant was in possession thereof under a valid oil and gas mining lease and was producing oil therefrom, but had wrongfully taken possession of the surface for purposes other than those necessary to the production of oil and gas, and in excess of the privileges extended by the lease contract. And the defendant, it is alleged, has so wrongfully retained possession since November 19, 1940. Plaintiff asked judgment for $500 as rents and profits, and an additional $500 as damages for wrongful withholding of the premises.

The answer denied that defendant had used the premises in excess of the rights and privileges granted by the oil and gas lease.

Defendant stood on the provisions of said lease to justify the use to which it had employed the surface, and, in addition, alleged that for ten years plaintiff had been leasing the surface to one Outland from year to year, and that defendant had been in possession of the property since November 19, 1940, by agreement with said Outland.

Plaintiff entered a plea of res judicata of all questions concerning the character and extent of defendant's occupancy of the premises. The judgment pleaded was rendered in an action wherein plaintiff had sued defendant for surface rentals accruing during six years next preceding November 18, 1940. The judgment was for $506, or approximately $85 per year rental.

Defendant paid the judgment and the same was discharged.

Plaintiff insists that the judgment was res judicata of all questions except the measure of recovery for the alleged unlawful use of the premises from November 19, 1940, to August 20, 1941, the day the present action was commenced.

However, we find no real merit in the argument. Aside from the amount of damages allegedly suffered, the only disputed fact here is the extent of defendant's use and occupancy. In the former action that question was settled only up to the date of judgment. According to the answer, defendant has confined its use of the land to the rights conferred by the oil and gas lease, and to such rights as it may have acquired through plaintiff's alleged lessee Outland.

The former judgment was res judicata of none of the issues in this case.

Over plaintiff's objection, defendant sought to prove by plaintiff's own testimony an oral agreement between the parties entered into subsequent to the rendition of the former judgment whereby plaintiff was to accept payment of that judgment and execute to defendant a ten-year surface lease at a rental of $50 per year, if defendant would not appeal from the judgment; said rental to be paid at the end of each year, and subject to defendant's right to abandon said lease at any time.

On question by the court and opposing counsel, and over the objections and exceptions of counsel for plaintiff, the plaintiff admitted that there was such

an oral agreement, but asserted that by reason of certain houses on the premises the rental should be worth from $50 to $100 per month. The court asked plaintiff if she was willing to give defendant a lease for ten years at $50 per year, and her answer was yes. Thereupon the court announced that the case was settled, and took the matter from the jury and rendered judgment in favor of plaintiff for $50 per year, and assessed the costs against plaintiff on the assertion that the action was premature in that it was commenced before the end of the first year.

The matter was brought to the attention of the court in plaintiff's motion for new trial which was accompanied by plaintiff's affidavit that by reason of her confused state of mind, brought about by the questions propounded by the court and opposing counsel, she unintentionally stated that she was willing then to accept $50 per year as rental, and that she intended to say $50 to $100 per month; that the court immediately dismissed the jury notwithstanding plaintiff's attempt to explain her statement.

Although plaintiff said she was willing to accept $50 per year, her testimony clearly reveals that she was referring to her willingness to accept that 'amount at the time of the alleged oral agreement. Her testimony as a whole clearly shows that she had no intention of compromising the matter for $50 per annum. And the trial court erred in so construing the testimony which was exacted from plaintiff over counsel's objection.

The principal error was the action of the court in receiving the testimony concerning the alleged oral agreement. Regardless of whether there was any merit in the aforesaid affidavit, the court should not have gone into the oral agreement over plaintiff's objection. Defendant did not plead such an agreement and made no effort to amend its pleadings to include that issue. The reception of the evidence constituted error.

The existence of the lease contract between the parties had no relation to plaintiff's cause of action as stated in the petition. It was an affirmative defense and should have been pleaded in order for defendant to avail itself thereof; it was injected into the case by defendant by way of avoidance. In such case, a plea in the nature of one in avoidance must be specifically set out, and it is error to receive evidence thereof over plaintiff's objection in the absence of suitable amendment of the answer. Kurz v. Stafford, 135 Okla. 121, 274 P. 674. In that case the court held as follows:

"Any fact which avoids the action, and which the plaintiff is not bound to prove in the first instance in support of it, is new matter and must be specifically pleaded."

Since the new defense carried with it the burden of proof, the case falls within the rule stated in United States Fidelity & Guaranty Co. v. Kern, 178 Okla. 370, 62 P. 2d 1173. It reads as follows:

"It is a general rule in actions at law that, in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law."

The trial court attempted to make and enforce, over plaintiff's objection, a contract which was pleaded by neither of the parties. Such procedure was without the proper functions of the court.

The judgment is reversed and the cause remanded, with directions to grant plaintiff a new trial.

CORN, C. J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.